IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRYCE BAKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-00385-P |
| | § | |
| CITY OF ARLINGTON, | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant City of Arlington's Motion to Dismiss Under Rule 12(b)(6). ECF No. 7. Having considered Arlington's Motion to Dismiss, Plaintiff Bryce Baker's Response (ECF No. 11), Arlington's Reply (ECF No. 12), briefing, and applicable law, the Court finds that Arlington's Motion to Dismiss should be and hereby is **GRANTED.**

## BACKGROUND[1]

After undergoing testing since 2012, Plaintiff Bryce Baker was hired as a fireman by the City of Arlington to begin on April 9, 2018. Compl. at ¶¶ 8–9. As part of his hiring, Baker was required to complete sixteen weeks of fire training followed by sixteen weeks of EMS training. *Id*. at ¶ 10. On April 11, 2018, Baker suffered a fractured ankle injury during a run. *Id*. at ¶¶ 10–11. Baker attempted to push through this injury because of his

---

[1]The Court draws its factual account from the allegations in Plaintiff's Original Petition. *See Manguno v. Prudential Prop. & Case. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002) (noting that when considering a Rule 12(b)(6) motion to dismiss, "all facts pleaded in the complaint must be taken as true").

"dream of becoming a firefighter," but this only worsened the injury, leading Captain Campbell, in a private meeting with Baker, to attempt to force Baker into resigning "instead of following normal procedures." *Id*. at ¶ 11.

Prior to Baker's injury, Lieutenant Nevin Price began harassing Baker for his involvement in a class action lawsuit against the City. *Id*. at ¶¶ 12–13. In one instance, Lt. Price harassingly questioned Baker in front of the entire class of seventeen recruits regarding Baker's thoughts on the civil action lawsuit, and at one point demanded that Baker "be straight" with him and stated, "I know you were part of a possible class action against the City." *Id*. at ¶¶ 13–15. Lt. Price taunted Baker in front of the class by stating that Baker "needed to make some MAN decisions," while making him stand at attention for "hour long PT." *Id*. at ¶ 17. Lt. Price then wrote Baker up for failing to achieve the time run in which Baker was injured. *Id*. Baker alleges Lt. Price's harassment continued and that he badgered Baker about his injury "*despite* City policy against harassment." *Id*. at ¶ 18 (emphasis added). In his Complaint, Baker defines harassment under this policy as:

> verbal or physical conduct that denigrates or shows hostility or aversion toward an individual and that: a. Has the purpose or effect of creating an intimidating, hostile, or offensive work environment; b. Has the purpose or effect of unreasonably interfering with an individual's work performance; or c. Otherwise adversely affects an individual's employment opportunities.

*Id*. As a result of this harassment and badgering, Baker "had no choice but to 'resign.'" *Id*. at ¶ 19.

Baker filed suit on April 7, 2020. ECF No. 1. Arlington filed its Motion to Dismiss on May 21, 2020. ECF No. 7. Baker filed his Response to Arlington's Motion to Dismiss

on June 24, 2020. ECF. No. 11. Arlington filed its Reply on July 8, 2020. ECF No. 12. The

Motion to Dismiss is now ripe for review.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short

and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV.

P. 8(a)(2). Rule 8 does not require detailed factual allegations, but "it demands more than

an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a

plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's

claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon

which relief may be granted." FED. R. CIV. P. 12(b)(6).

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead

"enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at

570. "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556). "The plausibility

standard is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

"Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it

'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

(quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

## ANALYSIS

Baker asserts a single claim against Arlington for First Amendment retaliation under 42 U.S.C. § 1983. Compl. at ¶¶ 20–24. However, as explained below, Arlington cannot be held liable under *Monell* because Baker actually pleaded a policy ***against*** the harassment Baker alleges. *Id*. at ¶ 18. Further, Baker's bare allegation that Lt. Price is a policymaker is conclusory and, as such, is insufficient to state a claim.

Municipalities, including counties and cities, may be held liable under § 1983. *Hampton Co. Nat'l Sur., LLC v. Tunica Cty.*, 543 F.3d 221, 224 (5th Cir. 2008); *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009). However, it has long been held that a municipality cannot be liable under a theory of *respondeat superior*. *Blakely v. Andrade*, 360 F. Supp. 3d 453, 485 (N.D. Tex. 2019) (Boyle, J.) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). In order to establish municipal liability under § 1983, a plaintiff must show that (1) an official policy, (2) promulgated by the municipal policymaker, (3) was the moving force behind the violation of a constitutional right. *Peterson*, 588 F.3d at 847 (citing *Piotrowski*, 237 F.3d at 578); *see also Monell v.*

*Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). While an official policy "usually exists in the form of written policy statements, ordinances, or regulations, . . . it may also arise in the form of a widespread practice that is 'so common and well-settled as to constitute a custom that fairly represents municipal policy.'" *Peterson*, 588 F.3d at 847 (quoting *Piotrowski*, 237 F.3d at 579).

> **A.     The policy Baker alleges that was ignored by Lt. Price cannot be the "moving force" behind Baker's alleged injury because the policy serves to protect Baker from his alleged injury.**

Baker fails to state a *Monell* claim against Arlington because the only policy Baker pleaded is Arlington's policy ***against*** the alleged harassment. *See* Compl. at ¶ 18. Indeed, Baker's Complaint explicitly states that Lt. Price's alleged harassment and badgering occurred "*despite* City policy against harassment." *Id*. at ¶ 18 (emphasis added). Baker then defines "harassment" by reference to Arlington's policy. *Id*. Baker alleges that Lt. Price harassed and badgered him regarding a class action lawsuit in which Baker was involved as well as his ankle injury, which he claims led to his resignation. *Id*. at ¶¶ 10, 13, 18–19. However, this policy is not actionable under § 1983 because Baker does not allege it was the "moving force" behind the alleged violation of his constitutional right.

Further, Arlington cannot be held liable under § 1983 for an isolated incident involving one of its employees. Under § 1983, "isolated unconstitutional actions by municipal employees will almost never trigger liability." *Piotrowski*, 237 F.3d at 578. Arlington makes this argument in its Motion to Dismiss when it states that Baker's claims are "directed at a single former Arlington employee—a fire department trainer." MTD at ¶ 2.01. Baker fails to plead any facts that the alleged harassment and badgering were

anything more than an isolated situation between one trainer and one employee. These isolated acts of one employee do not constitute "widespread practice" and thus cannot be said to qualify as a custom under *Monell*. *See Peterson*, 588 F.3d at 847. Therefore, the Court finds that Baker did not plead sufficient facts to identify any official Arlington policies or customs actionable under § 1983. Arlington's Motion to Dismiss should be and hereby is **GRANTED.**

### B.      Baker's claim that Lt. Price is a policymaker fails as conclusory.

Moreover, Baker's allegation that Lt. Price was a policymaker whose acts and edicts constituted official Arlington policy are merely conclusory and thus insufficient to state a claim.

Under § 1983, "[t]he description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (citing *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992)). "[A] complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citation omitted).

Baker alleges that Lt. Price was "an official whose acts and edicts constitute official policy of the City with respect to the retaliation . . . and, more generally, Fire Department rules, policies, and procedures." Compl. at ¶ 22. Baker further alleges that Lt. Price "illegally retaliated against Baker" while "acting under color of state law through infliction

6

of objectively adverse employment action." *Id*. at ¶ 21. These allegations are purely conclusory, and Baker essentially argues under the theory of *respondeat superior*, which is an improper avenue of recovery against a municipality. *See Piotrowski*, 237 F.3d at 578. Finally, the Court finds persuasive a Fourth Circuit case which held that a fire chief—a higher ranking fire department official than Lt. Price—was not a policymaker with respect to hiring and firing. *See Greensboro Professional Fire Fighters Assn., Local 3157 v. Greensboro*, 64 F.3d 962, 965–66 (4th Cir. 1995). Therefore, Baker's claim that Lt. Price's acts and edicts constitute official Arlington policy fails as conclusory.

## CONCLUSION

For the foregoing reasons, the Court finds that Arlington's Motion to Dismiss (ECF No. 7) should be and is hereby **GRANTED.** Accordingly, Plaintiff's claims against Arlington are **DISMISSED with prejudice.**

**SO ORDERED** on this **14th day** of **October, 2020.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE